UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OREN AVIV,<br><br>        Plaintiff,<br><br>    v.<br><br>PIOTR SZULCZEWSKI, et al.,<br><br>        Defendants. | Case No. 21-cv-09047-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

       The defendants' motion to dismiss is granted. Rule 23.1 requires that a shareholder derivative complaint "state with particularity" the futility of making a demand on the board of directors. Fed. R. Civ. P. 23.1. Demand futility is assessed "on a director-by-director basis." *United Food and Commercial Workers Union and Participating Food Industry Employers Tri-State Pension Fund v. Zuckerberg*, 262 A.3d 1034, 1058 (Del. 2021). Demand is excused as futile where, among other things, a director would "face a substantial likelihood of liability on any of the claims that are the subject of the litigation demand." *Id.*

       Directors may be held liable where they "knew" or "should have known that violations of law were occurring," and where their inaction produces harm to the company. *In re Caremark International Inc. Derivative Litigation*, 698 A.2d 959, 971 (Del. Ch. 1996). Two routes can lead to liability under *Caremark*. A plaintiff must either show that the directors "utterly failed to implement any reporting or information system or controls," or, if the directors did put a system in place, that they nevertheless "consciously failed to monitor or oversee" the company's operations. *Stone v. Ritter*, 911 A.2d 362, 370 (Del. 2006). To succeed under the latter theory, a plaintiff must typically plead that there were "red flags" such that the directors would have been

on notice of illegal activity. *Id.* at 373.

Aviv fails to adequately plead futility. The complaint alleges that Wish's board of directors allowed the company's CEO, Piotr Szulczewski, to throw raucous parties at a Bel-Air mansion located at 10979 Chalon Road, Los Angeles, CA 90077, known also as the "Wish House." Social media influencers hoping to promote their brands attended these parties, which lasted into the wee hours. The complaint alleges that party vendors and guests parked illegally and that loud noise emanating from the Wish House transformed the "once quiet neighborhood" into a "commercial event space." In short, Aviv contends that Wish's board of directors allowed the company to "create a public and private nuisance" by violating "relevant zoning ordinances." But the complaint fails to state what the directors knew and when—it includes no facts suggesting that the directors knew about the alleged illegal activity or that there were "red flags" relating to local law violations such that the board consciously failed to oversee the company's activities.

Aviv's claim under the Exchange Act fares no better. He asserts that the company made misleading statements in its 2021 proxy statement but fails to identify any specific statements that count as false or misleading.

For the reasons stated above, Aviv's complaint is dismissed for failure to plead futility with particularity under Rule 23.1. Dismissal is with leave to amend, and any amended complaint shall be filed within 21 days of the date of this order. If Aviv fails to file an amended complaint by that date, dismissal will be with prejudice.

**IT IS SO ORDERED.**

Dated: May 4, 2022

VINCE CHHABRIA
United States District Judge